UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BOBBY D. HIGGINBOTHAM** | **CIVIL ACTION NO.  13-2561** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a Petition for Writ of *Habeas Corpus* filed by Petitioner Bobby D. Higginbotham ("Higginbotham").  On March 13, 2014, the Magistrate Judge issued a Report and Recommendation [Doc. No. 31] on the Petition.  On March 25, 2014, Higginbotham filed objections [Doc. 32] to the Report and Recommendation.

On the same date that he filed his objections, Higginbotham also filed a "Motion for Leave to File a Motion for Issuance of Subpoena Duces Tecum to 6th Judicial District Attorney and Town of Waterproof to Deposit Board of Aldermen Meetings and Official Documentation of Board of Aldermen Meeting Where Board Approved their Pay Raises in June/July 2007 into the Record of Clerk of Court US [sic] District Court for the Western District of Louisiana" ("First Motion for Subpoena Duces Tecum") [Doc. No. 33].  In his motion, Higginbotham requests that the Court order the District Attorney and the Town of Waterproof to produce (1) the original cassette tapes of the Board of Aldermen minutes of meetings for the Town of Waterproof from March, 2007, to September, 2007, (2) typewritten copies of the minutes of meetings for same period, and (3) official documents of the meetings where the Board approved pay raises in June/July, 2007, including ordinances for raises.

On March 26, 2014, the Court issued a Minute Entry [Doc. No. 35], explaining that the issues raised in the First Motion for Issuance of Subpoena Duces Tecum were addressed, at least in part, in the Magistrate Judge's Report and Recommendation. The Court ordered that the State provide its response, if any, by April 8, 2014, the same date the State's Response to Higginbotham's objections to the Report and Recommendation were due.

On March 31, 2014, Higginbotham filed two more motions: (1) "Motion for Leave to File Motion for Issuance of Subpoena Duces Tecum to the Clerk of Court for the Second Circuit Court of Appeals State of Louisiana to Turn Over a Copy of the Minutes of the Discussion/Agreement between the District Attorney James Paxton and the Court on May 18, 2010 Regarding Partial Mistrial and Deposit in the Record of the Clerk of Court US District Court for the Western District of Louisiana" ("Second Motion for Subpoena Duces Tecum") [Doc. No. 36] and (2) "Motion for Leave to File Motion for Issuance of Subpoena Duces Tecum to the Louisiana Legislative Auditor to Deposit a Copy of the Interview Between Bobby Trahan and Elizabeth Cooper, Member of the Board of Aldermen Town of Waterproof During the Audit of the Town of Waterproof in 2008 and/or Any Other Auditor Who Interviewed Elizabeth Cooper into the Record of the Clerk of Court US District Court for the Western District of Louisiana" ("Third Motion for Subpoena Duces Tecum") [Doc. No. 37].

On April 1, 2014, Higginbotham filed an "Amended Moti[o]n for Leave to File Motion for Issuance of Subpoena Duces Tecum to the Clerk of Court for the Second Circuit Court of Appeals State of Louisiana to Turn Over a Copy of the Minutes of the Discussion/Agreement Between the District Attorney James Paxton and the Court on May 18, 2010 Regarding Partial Mistrial and Deposit into the Record of the Clerk of Court US District Court for the Western District of Louisiana" ("Amended Second Motion for Subpoena Duces Tecum") [Doc. No. 38].

Also on April 1, 2014, Higginbotham also filed "Amended Objection to Report and Recommendations of US Magistrate" ("Amended Objections") [Doc. No. 39].

On April 15, 2014, the State filed a "Response to Petitioner's Objection to Report and Recommendation" ("Response") [Doc. No. 40]. In its Response, the State addresses Higginbotham's Amended Objections, contending that they are an attack on the Office of the District Attorney and on District Attorney James Paxton himself. The State further contends that Higginbotham failed to present a basis to support his request for an evidentiary hearing.

On April 22, 2014, with leave of Court, the State filed an "Objection to Petitioner's Motions for Issuance of [Subpoenas]" ("Opposition Memorandum") [Doc. No. 43]. In its Opposition Memorandum, the State argued that the Court should not order the production of any of the requested minutes or documents.

First, the Court has considered the Report and Recommendation of the Magistrate Judge and has further reviewed the record in this matter, including Higginbotham's Objections and Amended Objections and the State's Response. The Court finds that the Magistrate Judge has correctly stated the law and analyzed Higginbotham's claims under the law, and, thus, the Court hereby ADOPTS the Report and Recommendation.

Second, the Court has also considered Higginbotham's remaining First Motion for Subpoena Duces Tecum [Doc. No. 33], Second Motion for Amended Duces Tecum [Doc. No. 36], Amended Second Motion for Subpoena Duces Tecum [Doc. No. 38] and Third Motion for Subpoena Duces Tecum [Doc. No. 37]. In these motions or amended motions, Higginbotham seeks the production of minutes and/or recordings of some type. With regard to the First Motion [Doc. No. 33], the record shows that the cassette tapes of the March and June 2007 Waterproof Board of Aldermen meetings have previously been transferred to a CD and provided to

Higginbotham. Indeed in its opinion, the Second Circuit Court of Appeals found this evidence had not been withheld, and Magistrate Judge Hayes found no error in the Second Circuit's decision because Higginbotham failed to provide evidence to the contrary.

With regard to the Second Motion and Amended Motion for Subpoena Duces Tecum [Doc. Nos. 36 & 38], Higginbotham seeks motion for production of "certain minutes of discussion/agreement on partial mistrial between District Attorney James Paxton and the Court on May 18, 2010." [Doc. No. 36]. However, only two possible "discussion[s]" took place on that date: (1) during the morning of May 18, oral argument before the Second Circuit Court of Appeals and related court proceedings and (2) during the afternoon of May 18, a hearing before the trial court on motions, including the motion for mistrial. As noted by the Second Circuit and quoted in the Magistrate Judge's Report and Recommendation, the State advised the trial judge that afternoon that it would agree to a partial mistrial on the public contract fraud count. [Doc. No. 31, p. 3 (quoting *State v. Higginbotham*, 122 So.3d 1, 5-9 (La. App. 2 Cir. 2012)]. Thus, this information is not disputed, and the transcript and/or minutes of the hearing are presumably available to Higginbotham. Most importantly, given the Court's adoption of the Report and Recommendation, it is unclear how minutes or a transcript of oral argument at the Second Circuit or the minutes of the district court motion hearing are necessary or even helpful to Higginbotham's cause.

Finally, with regard to the Third Motion for Subpoena Duces Tecum, Higginbotham seeks production of the legislative auditor's interview of former Waterproof Alderman Elizabeth Cooper. Ms. Cooper testified at trial about Higginbotham's illegal salary increase and was available for cross-examination. As her testimony was redundant of the minutes of the meeting, and, again, given the Court's adoption of the Magistrate Judge's Report and Recommendation,

there is no need for production of this evidence either. Therefore, the Court will deny Higginbotham's pending motions.

    MONROE, LOUISIANA, this 30th day of April, 2014.

```
_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE
```